Kenneth SLETTEN, an individual and former Trustee of the Navellier Series Fund, Plaintiff—Appellee,

v.

NAVELLIER SERIES FUND, a Delaware Business Trust; Aggressive Small Cap Equity Portfolio of the Navellier Performance Funds, a Delaware Business Trust, Defendants—Appellants.

Kenneth Sletten, an individual and former Trustee of the Navellier Series Fund, Plaintiff—Appellant,

v.

Navellier Series Fund, a Delaware Business Trust; Aggressive Small Cap Equity Portfolio of the Navellier Performance Funds, a Delaware Business Trust, Defendants—Appellees.

Nos. 03–16030, 05–16126, 05–16336.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2006.

Decided March 22, 2006.

See also, 262 F.3d 923.

Ralph C. Alldredge, Preston Gates and Ellis, LLP, San Francisco, CA, for Plaintiff–Appellee.

Robert C. Maddox, Robert C. Maddox & Associates, Reno, NV, Samuel Kornhauser, Esq., San Francisco, CA, for Defendants–Appellants.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

█ Kenneth Sletten served as a trustee for the Navellier Series Fund (the "Fund"). The Fund, joined by several other defendants, appeals the district court's decision awarding indemnification to Sletten for fees and costs he incurred defending a lawsuit the Fund brought against him. Sletten's homeowners' insurance company reimbursed him for most of these expenses. The Fund argues that this reimbursement means that Sletten suffered no indemnifiable loss within the meaning of the applicable indemnification agreements. The agreements, however, do not address the issue of whether Sletten can collect indemnity for expenses covered by a collateral source. Contrary to the Fund's claim, Delaware law allows him to do so under the circumstances in this case. *See State Farm Mutual Auto. Ins. Co. v. Nalbone,* 569 A.2d 71, 75 (Del.1989). None of the Fund's other arguments requires a different result.

█ Some of Sletten's expenses were reimbursed by insurance provided by the Fund's one-time investment advisor. The district court refused to award Sletten indemnification for these expenses, and he appeals. We agree with the district court that, because this insurance ultimately came from the Fund, Sletten cannot seek to recover twice for the fees and costs it covered. *See Nalbone,* 569 A.2d at 75.

█ The Fund also appeals the district court's May 2003 order freezing $2.7 million of its assets to ensure that it would not become judgment-proof. Although the district court has vacated this order, the appeal is not moot; the Fund may have a claim against Sletten's injunction bond. *See Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 315, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999). Because Sletten's claim sounds in law, and because the district court froze the Fund's assets before the entry of final judgment, the injunction was in error. *Id.* at 330, 333, 119 S.Ct. 1961. On remand, the Fund may seek damages. We point out, however, that the harm that would support an award of damages is not immediately apparent to us.

The district court's decisions that are the subject of Appeals Nos. 05–16126 and 05–16336 are **AFFIRMED** in all respects. The district court's decision to impose an pre-judgment asset freeze, which the Fund contested in Appeals No. 03–16030, is **VACATED** and **REMANDED** for further proceedings consistent with this disposition.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.